FIDELITY SAVINGS ASSOCIATION
OF KANSAS, Plaintiff,

v.

David B. RICKER, et al., Defendants.

Civ. A. No. 91–2285–O.

United States District Court,
D. Kansas.

Jan. 9, 1992.

Dennis L. Gillen, Depew, Gillen & Rathbun, Wichita, Kan., for plaintiff.

Edward A. McConwell, Law Office of Edward McConwell, Lee M. Smithyman, Smithyman & Zakoura, Chtd., Overland Park, Kan., Robert C. Foulston, Foulston & Siefkin, Wichita, Kan., Nathaniel H Speights, Seghs & Mche, Washington, D.C., for defendants.

## NUNC PRO TUNC MEMORANDUM AND ORDER

EARL E. O'CONNOR, Chief Judge.

This matter is before the court on defendants' motion for reconsideration. Having reviewed the motion, the court is now prepared to rule.

I.  Background

Plaintiff Fidelity Savings Association of Kansas ("Fidelity") originally filed this action on December 10, 1990, in the District Court of Sedgwick County, Kansas. On March 6, 1991, Fidelity filed a motion with that court, pursuant to K.S.A. 60–203,[1] for a thirty-day extension of time in which to complete service of process. On that date, the state district court issued an order granting Fidelity's motion.[2] Fidelity subsequently filed an amended complaint and served each of the defendants named therein within the thirty-day period granted by the district court.

---

1. K.S.A. 60–203 provides, in pertinent part:
   (a) A civil action is commenced at the time of: (1) Filing a petition with the clerk of the court, if service of process is obtained or the first publication is made for service by publication within 90 days after the petition is filed, except that the court may extend that time an additional 30 days upon a showing of good cause by the plaintiff; or (2) service of process or first publication, if service of process or first publication is not made within the time specified by provision (1).

2. The court's order stated, in pertinent part:
   Plaintiff advised the court that an additional thirty (30) days is required for service of process due to:

(a) complexity of the issues involved;
(b) tracing the location and agents of corporate defendants;
(c) collateral issues raised by defendants:
(d) performance of out-of-jurisdiction service of processors; and
(e) consideration of interest of defendants.
   The court after hearing statements of counsel finds that showing of good cause has been exhibited by the plaintiff and accordingly the plaintiff is granted an additional thirty (30) days to effect service of process pursuant to K.S.A. 60–203.

On May 3, 1991, defendants filed a motion for reconsideration with the state district court asking it to reconsider its granting of Fidelity's motion for extension of time. Before the state district court could rule on defendants' motion, the action was removed to the United States District Court for the District of Columbia. By agreement of the parties, the action was subsequently transferred to this court where defendants have renewed their motion for reconsideration.

In support of their motion, defendants argue that plaintiff failed to demonstrate "good cause" for the granting of the thirty-day extension as required by K.S.A. 60–203. Accordingly, defendants argue, this action should be deemed commenced on the dates of service of process.

In response, Fidelity sets forth its reasons for seeking an extension of time pursuant to K.S.A. 60–203(a). Specifically, Fidelity alleges that it "wished to preserve its claims against all parties to the transaction [set forth in the original complaint], without proceeding against any individual defendant who did not play an active role in making, assisting in, or ratifying the misrepresentations...." Accordingly, Fidelity alleges, "after filing the Petition, but before proceeding with service of process, Fidelity sent a Notice of Claim to each of the named individual defendants." [3] Fidelity alleges that this notification process, and the subsequent processing of the responses, "exhausted the bulk of the initial ninety (90) day period for obtaining service of process...." For these reasons, Fidelity argues, the Kansas district court was justified in finding that "good cause" existed for the granting of Fidelity's motion for extension of time.

## II. Standard of review

■ The ruling by the state court below is reviewable "de novo." *Blackburn, Inc. v. Harnishfeger Corp.,* 773 F.Supp. 296, 298 (D.Kan.1991) (citing 14A Wright & Miller, *Federal Practice & Procedure,* § 3738 (1985)).

## III. Discussion

As noted by plaintiff, there is no Kansas case which directly discusses the definition and scope of the "good cause" requirement of K.S.A. 60–203. However, in *Slayden v. Sixta,* 15 Kan.App.2d 625, 813 P.2d 393 (1991), the Kansas Court of Appeals noted in dicta that the "good cause" requirement of K.S.A. 60–203 would be met where plaintiff's initial attempt at service of process within the original ninety-day period failed because of a clerical mistake on the summons issued by the clerk of the court. *Slayden,* 15 Kan.App.2d at 634, 813 P.2d 393. Although *Slayden* certainly does not define "good cause," this court believes that one of the crucial factors in determining whether "good cause" exists, as implied in *Slayden,* is whether the plaintiff made reasonable and diligent attempts to serve process within the original time allotment.

For further support of this interpretation, the court turns to Fed.R.Civ.P. 4(j), an analogous rule concerning "good cause" and extensions of time for service of process. Rule 4(j) states, in pertinent part:

If a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion.

In interpreting the "good cause" requirement of Rule 4(j), federal courts have consistently held that, to be entitled to a "good cause" extension, the plaintiff must demonstrate that he has made reasonable and diligent efforts to serve process prior to seeking an extension of time. *See, e.g.,*

---

**3.** Fidelity submitted a copy of the "Notice of Claim" with its response. In summary, the "Notice" set forth Fidelity's allegations and requested each defendant to respond within ten days and advise Fidelity of any "defenses or clarification" such defendant might have to the allegations.

*Floyd v. United States,* 900 F.2d 1045, 1047 (7th Cir.1990) (simple attorney negligence completely devoid of extenuating circumstances cannot constitute "good cause"); *Bryant v. Brooklyn Barbeque Corp.,* 130 F.R.D. 665, 668 (W.D.Mo.1990) (plaintiff's desire to amend complaint before effecting service did not constitute "good cause"); *Motsinger v. Flynt,* 119 F.R.D. 373, 375 (M.D.N.C.1988) ("Rule 4(j) is specifically designed to encourage and prod counsel into expediting service in order that the merits of the case may be reached."); *Gordon v. Hunt,* 116 F.R.D. 313, 318–21 (S.D.N.Y.1987); *Quann v. Whitegate–Edgewater,* 112 F.R.D. 649, 659 (D.Md.1986) (holding that Rule 4(j) requires review of plaintiff's efforts to serve process). It thus seems apparent that the "good cause" extension contemplated by the rule relates to circumstances directly relevant to the actual service or attempted service of process itself.

Returning to K.S.A. 60–203 and the case at hand, the court finds that plaintiff has failed to demonstrate "good cause" for an extension of time. Reviewing the reasons for the granting of the extension of time set forth in the state district court's order and the plaintiff's response to the instant motion, this court finds nothing to indicate that plaintiff even *attempted* to serve the defendants prior to seeking the "good cause" extension. Rather, it is apparent that plaintiff spent the ninety-day period gathering information to file an amended complaint rather than attempting to serve the defendants named in its original complaint. Accordingly, the court finds that plaintiff's conduct falls far short of the "reasonable and diligent efforts" standard required for a showing of "good cause." Defendants' motion for reconsideration will therefore be granted.

IT IS THEREFORE ORDERED that defendants' motion for reconsideration (Doc. # 8) is granted.