(202 P.3d 677)
No. 98,907

MAI T. LE, *Appellant,* v. PAUL S. JOSLIN, SPECIAL ADMINISTRATOR OF THE ESTATE OF DOROTHY K. GIBSON, Deceased; and CURTIS R. PAYNE, *Appellees.*

Opinion filed February 27, 2009.

*David L. Nelson*, of Wichita, for appellant.

*Lyndon W. Vix*, of Fleeson, Gooing, Coulson & Kitch, L.L.C., of Wichita, for appellees.

Before ELLIOTT, P.J.; GREEN and MARQUARDT, JJ.

GREEN, J.: In this negligence action, Mai T. Le originally sued Dorothy Gibson for personal injuries that Le sustained during an automobile accident. Gibson passed away before Le was able to obtain service of process on her. Le later substituted Paul S. Joslin, Special Administrator of the Estate of Dorothy K. Gibson, Deceased, (Joslin) as a defendant for Gibson. Le now appeals from the trial court's order granting summary judgment to Joslin on three alternative grounds. First, Le contends that the trial erred in finding that good cause did not exist to support the order granting her an additional 30 days to obtain service of process on Dorothy Gibson. We disagree. The record demonstrates that when Le moved for an additional 30 days to obtain service of process on Gibson, she had not made sufficient efforts to locate and serve Gibson. As a result, Le failed to meet her burden under K.S.A. 60-

203(a)(1) to show good cause for the 30-day extension to obtain service of process.

Next, Le maintains that the trial court erred in determining that K.S.A. 60-225, the statute pertaining to substitution of parties, was inapplicable here and that it was necessary for Le to amend her petition to name Joslin as a party. We again disagree. Under the plain language of K.S.A. 60-225, Joslin could be substituted for Gibson only if Gibson was a party to the lawsuit. Because Le never obtained service on Gibson before she died, Gibson never became a party to this lawsuit. In order to name Joslin as a defendant in the lawsuit, Le needed to move to amend her pleadings to include Joslin and to relate back the amendment to her original pleadings. Her failure to follow this procedure renders the court without jurisdiction in the matter against Joslin.

Finally, Le contends that the trial court erred in determining that the summons served upon Joslin was invalid. We again disagree. The summons with which Joslin was served was not issued to him and was served before he was a named defendant in the lawsuit. Because proper service of process was never obtained upon Joslin, the trial court was without jurisdiction in the matter against Joslin. Accordingly, we affirm.

On February 17, 2006, Le sued Gibson and Curtis Payne for personal injuries Le sustained from an automobile accident that occurred on February 20, 2004. No summons was issued when the lawsuit was filed. Payne was ultimately dismissed without prejudice from the lawsuit in April 2007. On May 11, 2006, Le obtained an order granting her an additional 30 days after the expiration of the statutory 90-day period following the date of filing of the lawsuit to serve Gibson with process. On that same day, Le, for the first time, requested the issuance of a summons for Gibson. On June 9, 2006, Le requested the issuance of an alias summons for Gibson.

Gibson died on June 2, 2006, before she was served with process in this lawsuit. On June 16, 2006, Le filed a petition in Lyon County District Court seeking the appointment of a special administrator for Gibson's estate. On that same day, Joslin was appointed as special administrator of Gibson's estate. Also on that day, Joslin was served with the alias summons issued to Gibson.

On June 16, 2006, Le moved to substitute Joslin for Gibson as a defendant in the lawsuit. On June 30, 2006, the trial court issued an order substituting Joslin for Gibson as a defendant in the lawsuit. On July 20, 2006, Joslin answered Le's petition. Joslin asserted that Le's action was barred by the statute of limitations and also asserted the defense of invalid service of process.

In March 2007, Joslin moved for summary judgment. Joslin contended that Le's claim against him was barred by the 2-year statute of limitations under K.S.A. 60-513(a)(4). Joslin raised the following four arguments as to why the service of process on June 16, 2006, was ineffective to commence the lawsuit against him in a timely manner: (1) Le failed to demonstrate to the trial court that she had good cause for requesting the extension of the 90-day statutory period for service of process and, therefore, the order granting the 30-day extension was invalid; (2) Le never properly made Joslin a party to the lawsuit within the limitations period because she never moved to amend her petition under K.S.A. 60-215; (3) Le served Joslin with service of process before he was named as a defendant in the lawsuit and, therefore, the service was ineffective; and (4) Joslin did not have the authority to accept service for and defend Le's lawsuit under the letters of special administration.

After holding a nonevidentiary hearing, the trial court granted summary judgment in favor of Joslin. The trial court agreed with Joslin on his first three arguments and, therefore, granted summary judgment on those three grounds. On Joslin's fourth argument, the trial court found that the issue was moot.

*Standards of Review*

An appellate court's standard of review in summary judgment cases is well established:   .

" ' " 'Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The trial court is required to resolve all facts and inferences which may reasonably be drawn from the evidence in favor of the party against whom the ruling is sought. When opposing a motion for summary judgment, an adverse party must come forward with evidence to establish a dispute as to a material fact. In order to preclude summary judgment, the

facts subject to the dispute must be material to the conclusive issues in the case. On appeal, we apply the same rules and where we find reasonable minds could differ as to the conclusions drawn from the evidence, summary judgment must be denied.' " ' [Citations omitted.]" *Korytkowski v. City of Ottawa*, 283 Kan. 122, 128, 152 P.3d 53 (2007).

Additionally, in order to address Le's arguments on appeal, this court must interpret several statutes. Interpretation of a statute presents a question of law over which an appellate court has unlimited review. *Genesis Health Club, Inc. v. City of Wichita*, 285 Kan. 1021, 1031, 181 P.3d 549 (2008). The most fundamental rule of statutory construction is that the intent of the legislature governs if that intent can be ascertained. *Winnebago Tribe of Nebraska v. Kline*, 283 Kan. 64, 77, 150 P.3d 892 (2007). An appellate court's first task is to "ascertain the legislature's intent through the statutory language it employs, giving ordinary words their ordinary meaning." *State v. Stallings*, 284 Kan. 741, 742, 163 P.3d 1232 (2007). "When a statute is plain and unambiguous, we do not speculate as to the legislative intent behind it and will not read the statute to add something not readily found in it." *In re K.M.H.*, 285 Kan. 53, 79, 169 P.3d 1025 (2007), *cert. denied* 555 U.S. 937 (2008).

*I. Was there good cause for Le to be given a 30-day extension to obtain service of process?*

First, Le argues that the trial court erred in determining that good cause did not exist to support the ex parte order granting her an additional 30 days in which to obtain service upon Gibson.

K.S.A. 60-203(a), which governs the timing of the commencement of an action, states as follows:

"A civil action is commenced at the time of: (1) Filing a petition with the clerk of the court, if service of process is obtained or the first publication is made for service by publication within 90 days after the petition is filed, *except that the court may extend that time an additional 30 days upon a showing of good cause by the plaintiff*; or (2) service of process or first publication, if service of process or first publication is not made within the time specified by provision (1)." (Emphasis added.)

Thus, in order for a plaintiff's lawsuit to be "commenced" on the date it is filed, the plaintiff must obtain service of process within

90 days of the filing date. K.S.A. 60-203(a)(1). The trial court may extend that period to 120 days upon a showing of good cause by the plaintiff. K.S.A. 60-203(a)(1). The showing of good cause by the plaintiff is a condition precedent to the trial court's decision of whether to grant the 30-day extension under K.S.A. 60-203(a)(1).

As in many cases, the exact date of the "commencement" of this action is crucial in resolving whether it is barred by the statute of limitations. See *Newell v. Brollier*, 239 Kan. 587, 588, 722 P.2d 528 (1986). Here, the applicable statute of limitations for Le's claims is 2 years under K.S.A. 60-513(a)(4). As a result, the statute of limitations for Le's claims ran on February 20, 2006. Le filed her petition on February 17, 2006, which was 3 days before the statute of limitations ran on her claims. Le did not serve her petition until after the statute of limitations had expired. Thus, to determine whether Le "commenced" her action within the statute of limitations period, we must examine whether Le properly obtained service of process within the time limits of K.S.A. 60-203(a)(1).

In order for Le's action to be commenced on the date of filing (February 17, 2006), Le had until May 18, 2006, to obtain service of process, unless the trial court extended the date by an additional 30 days *upon a showing of good cause by Le*. Le points out that she made application for and obtained an order from the trial court granting her a 30-day extension under K.S.A. 60-203(a)(1) to obtain service of process. The order reads as follows:

"WHEREUPON, the Court, after hearing statements of counsel, reviewing the file and being duly advised in the premises, *finds that for good cause shown*, the plaintiff is allowed an additional thirty (30) days upon the expiration of the 90-day period following the date of filing, in which to accomplish service upon the above-named Defendant(s), and make due return thereof." (Emphasis added.)

Although the trial court's order contains a conclusory statement that there had been a showing of good cause for the extension, there is nothing in the appellate record to support this statement. Moreover, there is no transcript of a hearing on the requested 30-day extension.

Our Supreme Court and this court have noted that the better practice, if not the required procedure to request such an extension, *is by written motion* under Rule 133 (2008 Kan. Ct. R. Annot.

216), with a ruling by the court documented under Rule 134 (2008 Kan. Ct. R. Annot. 217). *Finley v. Estate of DeGrazio*, 285 Kan. 202, 208, 170 P.3d 407 (2007); *Blue v. Tos*, 33 Kan. App. 2d 404, 407, 102 P.3d 1190 (2004), *rev. denied* 279 Kan. 1005 (2005). The parties inform this court that the order granting the 30-day extension was an ex parte order. There appears to have been no written motion requesting the extension filed with the trial court.

As the appellee points out, without a written motion setting forth the grounds for the requested extension, it cannot be determined what showing of good cause was made. Moreover, Le has not remedied this deficiency by providing affidavits or other evidence demonstrating the showing of good cause that was made. Simply put, the record fails to demonstrate that Le satisfied the condition precedent of K.S.A. 60-203(a)(1) by making the required showing of good cause before the 30-day extension was granted.

On appeal, Le does not argue that she made the required showing of good cause under K.S.A. 60-203(a)(1) before she obtained the ex parte order. Further, Le does not even argue that good cause existed when she obtained the ex parte order. Rather, the record establishes that Le did not even request the issuance of a summons on Gibson until May 11, 2006, the date when she obtained the ex parte order.

In *Fidelity Sav. Ass'n of Kansas v. Ricker*, 141 F.R.D. 324, 326 (D. Kan. 1992), the federal district court held that the plaintiff had failed to demonstrate good cause under K.S.A. 60-203 to warrant the earlier grant of the 30-day extension to obtain service of process on the defendant. In making such a determination, the court noted that there was no Kansas case that directly addressed the good cause requirement of K.S.A. 60-203. The *Fidelity* court looked to Fed. R. Civ. Proc. 4(j), an analogous rule concerning good cause and extensions of time for service of process. The court noted that in interpreting the good cause requirement of Rule 4(j), federal courts "have consistently held that, to be entitled to a 'good cause' extension, the plaintiff must demonstrate that he has made *reasonable and diligent efforts* to serve process prior to seeking an extension of time. [Citations omitted.]" (Emphasis added.) 141 F.R.D. at 325-26.

In looking at the facts of its case, the *Fidelity* court found that there was nothing to indicate that the plaintiff even attempted to serve the defendants before seeking the 30-day extension under K.S.A. 60-203(a)(1). Rather, the court noted that it was apparent that the plaintiff spent the 90-day period gathering information to file an amended complaint rather than attempting to serve the defendants named in the original complaint. The court found that the "plaintiff's conduct falls far short of the 'reasonable and diligent efforts' standard required for a showing of 'good cause.'" 141 F.R.D. at 326. As a result, the court reversed the state trial court's earlier ruling granting the 30-day extension under K.S.A. 60-203.

Here, the record fails to show that any reasonable and diligent efforts were made by Le to locate and serve Gibson before the ex parte order was issued. Instead, the record establishes that Le never even attempted to serve Gibson before obtaining the 30-day extension under K.S.A. 60-203. In her appellate brief, however, Le focuses on the fact that she made three attempts at service upon Gibson (May 13, 14, and 15, 2006) before the statute of limitations expired. Moreover, Le points out that after the expiration of the initial 90-day period, she employed three investigators who made service attempts in both Emporia and Topeka before determining where Gibson lived and that she had died on June 2, 2006. Nevertheless, all of those efforts were made after Le obtained the ex parte order. Le cannot use such efforts to meet the condition precedent for the issuance of the order. Le's efforts were simply insufficient to meet the required showing of "good cause" for the 30-day extension.

Moreover, Le needed to show good cause *before* she obtained the 30-day extension, not when the extension is later challenged. Our Supreme Court has rejected an argument that a plaintiff can first obtain an order granting a 30-day extension under K.S.A. 60-203(a)(1) and then, when challenged at a later date, actually establish grounds for good cause. *Finley*, 285 Kan. at 209.

In her appellate brief, Le makes a short argument that the "unique circumstances" doctrine should be applied here. The United States Supreme Court has rejected application of the unique circumstances doctrine to authorize an exception to a ju-

risdictional requirement (the timely filing of a notice of appeal in a civil case). *Bowles v. Russell*, 551 U.S. 205, 214, 168 L. Ed. 2d 96, 105, 127 S. Ct. 2360 (2007). *Bowles* was cited by our Supreme Court in *Finley*, 285 Kan. at 210, where our Supreme Court was asked to apply the unique circumstances doctrine. In *Finley*, similar to the instant case, the trial court dismissed the plaintiff's petition as time barred by the statute of limitations after finding that the plaintiff had failed to show good cause under K.S.A. 60-203(a)(1) to warrant a 30-day extension to perfect service of process. Although our Supreme Court recognized the holding in *Bowles*, it considered application of the unique circumstances doctrine. Nevertheless, our Supreme Court concluded that the doctrine did not apply because the concepts of "equity, the interests of justice, good faith, estoppel, or nonparty error," upon which the doctrine depends, could not be applied to the facts of *Finley*. 285 Kan. at 209, 213.

Here, even if the unique circumstances doctrine is still viable, no equitable exceptions justify its application. Le has not brought forth any evidence to demonstrate that there was any sort of error outside of her control that prevented her from attempting to serve Gibson before obtaining the 30-day extension. On the contrary, the record demonstrates that Le had failed to make any efforts to serve Gibson when she obtained the extension. Our Supreme Court has cautioned that the unique circumstances doctrine is one of specific and limited application. *Nguyen v. IBP, Inc.*, 266 Kan. 580, 587, 972 P.2d 747 (1999). We do not believe that the circumstances in this case warrant application of the unique circumstances doctrine.

In determining that good cause did not exist for Le to be granted an additional 30 days to obtain service of process, the trial court stated:

"Defendant Joslin contends that the order granting plaintiff an additional 30 days within which to obtain service on Dorothy K. Gibson was invalid because good cause did not in fact exist. The parties agree that this Court has the authority to review this issue and determine, based upon the facts now presented, whether good cause existed at the time the order was entered. Upon doing so, the Court concludes that good cause did not, in fact, exist and that the ex parte order granting an additional 30 days for service was not supported by the facts. Accordingly, the

action against defendant Joslin must be deemed commenced on the date of service upon him, rather than on the date of filing. K.S.A. 60-203."

The trial court held that because the date of service was more than 2 years after the accident, Le's action was barred by the statute of limitations under K.S.A. 60-513(a)(4).

In *Hogue v. Johnson*, 28 Kan. App. 2d 334, 339, 17 P.3d 364 (1999), this court recognized that a trial court has the discretion to change its previous ruling in a case after additional evidence is heard. See *Burrowwood Assocs., Inc. v. Safelite Glass Corp.*, 18 Kan. App. 2d 396, 398, 853 P.2d 1175 (1993); *Fidelity*, 141 F.R.D. at 326 (after defendant moved for reconsideration of trial court's ruling and case was removed to federal court, federal district court reversed state trial court's earlier ruling granting plaintiff 30-day extension under K.S.A. 60-203 for service of process).

Here, the record indicates that the trial court was not presented with any evidence when it signed the ex parte order. When evidence was later presented that Le was unable to meet her burden to show good cause for the 30-day extension, the trial court was well within its discretion in changing its previous ruling. We determine that the trial court properly held that good cause did not exist for the 30-day extension of service of process and that Le's action must be deemed commenced on the date that service was obtained upon Joslin. Because Le's action was not commenced within the 2-year statute of limitations period, her claims are now barred.

## II. Did the trial court err in finding that the substitution statute, K.S.A. 60-225, was inapplicable?

Next, Le argues that the trial court erred in finding that the substitution statute, K.S.A. 60-225, was inapplicable. The trial court determined that even if the 30-day extension was proper under K.S.A. 60-203, Joslin was not properly made a party to the action within the statute of limitations period. Citing *Back-Wenzel v. Williams*, 279 Kan. 346, Syl. ¶ 1, 109 P.3d 1194 (2005), and *Moore v. Luther*, 29 Kan. App. 2d 1004, Syl. ¶ 4, 35 P.3d 277 (2001), the trial court found that the substitution statute was inapplicable because Gibson was never made a party to the lawsuit

and that it was necessary for Le to amend her petition under K.S.A. 60-215 in order to make Joslin a party.

K.S.A. 60-225(a)(1), which provides for the substitution of parties when a party dies, states:

"*If a party dies* and the claim is not thereby extinguished, the court shall on motion order substitution of the proper parties. The motion for substitution may be made by any party or by the successors or representatives of the deceased party or by any party and, together with the notice of the hearing, shall be served on the parties as provided in K.S.A. 60-205, and upon persons not parties in the manner provided for the service of a summons. Unless the motion for substitution is made within a reasonable time after the death is suggested upon the record by service of a statement of the fact of the death as provided herein for the service of the motion, the action shall be dismissed as to the deceased party." (Emphasis added.)

By its plain language, K.S.A. 60-225(a)(1) is applicable when "a party" dies. Our Supreme Court has recognized that "[s]ervice of process is a method of formally commencing an action by giving the defendant notice of the action. *The person named as defendant normally does not become a party to the action until served with the summons.*" (Emphasis added.) *In re Marriage of Welliver*, 254 Kan. 801, 803, 869 P.2d 653 (1994). Service of process of the summons is the means by which the defendant is afforded the opportunity to appear before and be heard by the court. It is this notice that gives the court the jurisdiction to proceed. *State ex rel. Stephan v. Kansas House of Representatives*, 236 Kan. 45, 50, 687 P.2d 622 (1984). Here, because Le never accomplished service of process of the summons on Gibson before she died, Gibson never became a party to the lawsuit.

Moreover, the lawsuit was never "commenced" against Gibson because Le failed to serve her with the summons before she died. See K.S.A. 60-203(a); *Medina v. American Family Mut. Ins. Co.*, 29 Kan. App. 2d 805, 811, 32 P.3d 205 (2001), *rev. denied* 273 Kan. 1036 (2002) ("A civil action is not commenced until the defendant is served or enters an appearance.").

This court in *Moore*, 29 Kan. App. 2d 1004, Syl. ¶ 4, held: "Substitution of a special administrator or other personal representative under K.S.A. 60-225(a)(1) is inapplicable where the defendant is

dead prior to the commencement of the action." Our Supreme Court reached the same conclusion in *Back-Wenzel*, 279 Kan. 346, Syl. ¶ 1, when it held that "[a] motion to substitute under K.S.A. 60-225 cannot be used to substitute a party *who died before the commencement of the action*." (Emphasis added.)

In *Back-Wenzel*, the plaintiff filed her petition against Louis Williams 3 days before the statute of limitations expired. Approximately 3 months later, the plaintiff was notified that Williams had died more than a year before the petition was filed. After a special administrator was appointed for Williams' estate, the plaintiff moved to substitute the special administrator for Williams. The trial court denied the plaintiff's motion for substitution and dismissed for lack of subject matter jurisdiction. On appeal, this court construed the plaintiff's motion for substitution under K.S.A. 60-225 as a motion to amend the pleadings under K.S.A. 60-215. This court reversed the trial court's decision and remanded the case to determine whether leave should be granted for the plaintiff to amend her petition and whether the amendment would relate back to the filing date of the original petition.

Our Supreme Court granted review and reversed this court's decision. 279 Kan. at 346, 350-53. Our Supreme Court refused to construe the plaintiff's motion to substitute a party under K.S.A. 60-225 as a motion to amend the pleadings under K.S.A. 60-215. In making such a determination, our Supreme Court looked to the plaintiff's motion, the defendant's motion to dismiss and attached memorandum, and the trial court's understanding and treatment of the parties' pleadings, which demonstrated that the plaintiff had filed a motion to substitute under K.S.A. 60-225. Because a motion to substitute under K.S.A. 60-225 cannot be used to substitute a party who died before the commencement of the action, our Supreme Court affirmed the trial court's decision. 279 Kan. at 350-53.

Le argues that reliance on *Moore* and *Back-Wenzel* is misplaced because those cases involved the death of the defendant before the filing of the lawsuit. Nevertheless, both *Moore* and *Back-Wenzel* held that K.S.A. 60-225(a)(1) does not apply when a defendant died *before the commencement of the action*. Thus, the commencement

of the action is the key event, not the filing of the petition. Le cites no cases which have held that the filing of the petition is when the action is commenced and when a defendant becomes a party for purposes of K.S.A. 60-225.

Because Le never effected service of process of the summons on Gibson before she died, the action was never commenced against her, and K.S.A. 60-225(a)(1) is inapplicable. At oral arguments, Le conceded that the proper procedure would have been to amend her pleadings under K.S.A. 60-215. Under *Back-Wenzel*, we are unable to construe Le's motion to substitute under K.S.A. 60-225 as a motion to amend the pleadings under K.S.A. 60-215. As a result, we affirm the trial court's grant of summary judgment on this issue.

### III. Did the trial court err in finding that the service of process on Joslin was invalid?

Finally, Le contends that the trial court erred in determining that the summons served upon Joslin was invalid. The trial court determined that even if the 30-day extension was proper and even if Joslin could be made a party by way of substitution, the service upon him was invalid because he was served before he had been named as a defendant in the action and because the summons with which he was served was not issued to him but Gibson, who was deceased.

Citing K.S.A. 60-204, Le suggests that there was substantial compliance with the service of process statutes in this case because Joslin was served with the alias summons and because he was made aware of the pending action in which his status as special administrator on behalf of Gibson was subject to being affected. K.S.A. 60-204 provides that substantial compliance with the service statutes "shall effect valid service of process . . . notwithstanding some irregularity or omission" so long as "the party served was made aware that an action or proceeding was pending in a specified court in which his or her person, status or property were subject to being affected."

Here, the record demonstrates that Joslin did have knowledge of his status as a named defendant in the lawsuit, as evidenced by

his filed answer. Nevertheless, actual knowledge of the pendency of an action is not a substitute for service. *Cook v. Cook*, 32 Kan. App. 2d 214, 220, 83 P.3d 1243 (2003), *rev. denied* 277 Kan. 923 (2004). "Notice or knowledge must come from process of service, or there must be a valid waiver." *Kansas Bd. of Regents v. Skinner*, 267 Kan. 808, 812, 987 P.2d 1096 (1999). Otherwise, it would be meaningless for a party to ever assert insufficiency of service of process as a defense. In his answer, Joslin specifically asserted the defense of invalid service of process.

The error that occurred in this case with the service of process was not some small omission or irregularity that could be saved through substantial compliance with the service statutes. Instead, there was a complete failure to serve Joslin with a summons in which he was named as a defendant in the lawsuit. Joslin was served with an alias summons issued to Dorothy Gibson. K.S.A. 60-301 provides that the clerk shall issue a summons "for service upon each defendant." Even after Joslin was substituted as a defendant in the lawsuit, Le never served him with a summons naming him as a defendant. See K.S.A. 59-2239(2) (providing that if someone has a claim against a decedent, "the estate of the decedent may be opened or reopened, a special administrator appointed, *and suit filed against the administrator* within the period of the statute of limitations for such action." [Emphasis added.]).

We agree with the trial court that Kansas law does not allow a person to be served before he or she is named as a defendant and that in order to be valid, a summons must be issued to the person who is to be made a party. Accordingly, the trial court properly granted summary judgment to Joslin on this issue.

Affirmed.