No. 36,246

WESLEY JOHN ELLIS, *Appellee*, v. KROGER GROCERY & BAKING COMPANY, *Appellant*. (ERSKINE WYMAN, Commissioner of Workmen's Compensation, etc., *Defendant*.)

(152 P. 2d 869)

filed November 4, 1944. Opinion

*Lawrence M. Walker,* of Pittsburg, and *A. Harry Crane,* of Topeka, argued the cause, and *F. H. Richart,* of Joplin, Mo., was on the briefs for the appellant.

*Sylvan Bruner* and *Pete Farabi,* both of Pittsburg, argued the cause for the appellee.

*A. B. Mitchell,* attorney general, and *Carl A. Ballweg,* assistant attorney general, as *amici curiae.*

The opinion of the court was delivered by

HOCH, J.: This case arose under the workmen's compensation law and is a companion case to No. 36,228, bearing the same title, which has been this day decided. (Ante, p. 213, 152 P. 2d 860.)

The instant appeal is from an order overruling the respondent's motion to dismiss and from an order granting a temporary injunction which enjoined the respondent, the Commissioner of Workmen's Compensation, attorneys and examiners, from proceeding with a hearing on respondent's application for review and modification of an award theretofore made.

In view of the decision in the other case which determines the primary issues of substantive law, it will suffice to state briefly the situation presented by this appeal.

An award to an injured workman was made by the Commissioner on February 11, 1943, and upon appeal was affirmed by the district court on March 23, 1943. In December, 1943, the workman filed a petition in the district court to obtain a lump sum judgment covering past installments in default and installments to become due under

the judgment previously rendered. This action was brought pursuant to the provisions of G. S. 1943 Supp., 44-512a. While that action was pending, and on March 22, 1944, the respondent filed with the Commissioner an application for review and modification of the award. The Commissioner concluded, at first, that he had no jurisdiction in view of the then pending action in the district court for a lump sum judgment. On June 16, 1944, judgment for a lump sum was rendered in the other action, and three days later the commissioner, having apparently reached a different conclusion as to his jurisdiction, set a hearing for June 26, 1944, on the application for review of the award. On June 16, ten days prior to the date set for the hearing, the claimant filed this action—an independent action in district court—asking that all further proceedings on the application for review be enjoined. On June 24, 1944, a temporary injunction was granted, as prayed for, and other incidental motions of the respondent were overruled. This appeal followed.

In the other case, No. 36,228, this court has this day affirmed the judgment in the main action for a lump-sum payment to the claimant. That judgment supersedes the award and the original judgment affirming it and precludes review or modification of the award. Accordingly, the application for review of the award and the injunction cease to have significance.

It is a long-established rule, many times invoked by this court, that courts do not ordinarily consider and decide questions whose determination would be without any practical legal effect. (*Anderson v. Carder,* 159 Kan. 1, 150 P. 2d 754; *Mueller v. Seiler,* 158 Kan. 440, 442, 148 P. 2d 266, and cases there cited.) The issue here having become moot the appeal must be, and is, dismissed.

Justices THIELE and WEDELL are of the opinion the appeal in the instant case should be entertained, in view of their dissent in *Ellis v. Kroger Grocery Co.,* No. 36,228, this day decided.