No. 45,829

RONALD J. GREENWOOD, *Appellant*, v. BLACKJACK CATTLE CO., *Appellee*.

(464 P. 2d 281)

Opinion filed January 24, 1970.

*Stanley R. Ausemus,* of Emporia, argued the cause, and *Robert Martin,* of Wichita, was with him on the brief for the appellant.

*Howard M. Immel* and *J. D. Conderman,* both of Iola, argued the cause and were on the brief for the appellee.

The opinion of the court was delivered by

HATCHER, C.: This is an appeal from a judgment holding employment in a feedlot exempt from the Workmen's Compensation Act.

There does not appear to be any substantial dispute as to the facts.

Respondent was a corporation engaged primarily in the commercial feeding of livestock on leased land. During the fiscal year ending January 31, 1967, the respondent corporation fed a total of 14,450 cattle. Of these, 90%, or 13,211, belonged to persons or concerns not connected with respondent and were fed on a contract basis. The remaining 10%, or 1,239 cattle, were owned by principal stockholders in respondent corporation. The respondent itself owned none of the cattle. A large percentage of the cattle being fed on a contract basis were owned by large industrial pack-

ing houses such as Wilson & Co., Inc., Maurer-Neuer and Swift & Co.

In its feeding operations respondent realized an annual gross income of approximately $1,500,000. The respondent's feedlot consisted of 35 to 37 feeding pens along with storage facilities, machinery and transportation equipment necessary to store and distribute the feed to the various pens. The number of respondent corporation's employees varied from 16 to 22 during the time in question.

The claimant was an employee of respondent. His principal duties were to ride through the cattle pens on horseback and separate the cattle that appeared to be in need of medical treatment. The evidence indicates that claimant was performing this duty at the time he fell, or was thrown, from his horse and sustained the injury that gave rise to this action.

Following a claim for compensation under the Workmen's Compensation Act, the director approved the award of examiner, concluding that the employment was commercial in nature and covered by the act.

The respondent appealed. The journal entry of the district court contained findings of fact and conclusions of law which we quote in part:

"(4) That Respondent had never elected to come within the provisions of the Workmen's Compensation Act, was not a self-insurer, and throughout the proceedings had denied that it is within the act's provisions;

"(5) That cattle feeding as carried on by Respondent is not included within the definitions of the hazardous employments named in K. S. A. 44-505 as set out in K. S. A. 1968 Supp. 44-508, nor within the area of any of the other hazardous employment not specifically defined;

"(6) Feeding of livestock for market is an agricultural enterprise within the meaning of the zoning laws and has been declared to be an agricultural pursuit for the purposes of Feedlot Operators Licensing Act of Kansas (Article 15, Chapter 47 K. S. A.);

"(7) That Claimant suffered his injuries in the course of feedlot employment;

"(8) That Respondent does its feeding work on a contractual basis;
"and concluded:

"(A) Claimant's employment was not a hazardous employment within the meaning of the Workmen's Compensation Act;

"(B) That Claimant's employment was an agricultural employment specifically exempted from the operation of the Act;"

The district court set aside the award of the examiner as

approved by the director and entered judgment for the respondent.

The claimant has appealed to this court.

The claimant filed a very narrow statement of points relied on for appeal. We quote:

"Comes now the Claimant and sets forth the following points upon which he intends to rely in the appeal heretofore noticed herein:

"1. The Court erred in finding that the Claimant's employment was an agricultural employment, specifically exempted from the operation of the Workmen's Compensation Act."

It will be noted that the claimant does not designate as a "point relied on" the conclusion of the trial court that "Claimant's employment was not a hazardous employment within the meaning of the Workmen's Compensation Act."

The appellee contends that the above conclusion determines the issue before the court regardless of the agricultural status of the employment and not having been appealed from there is no remedy this court could order. It suggests that the appeal is, therefore, moot and should be dismissed.

We must conclude that the district court's finding and conclusion that the feeding of cattle as carried on by respondent is not included within the hazardous employments named in K. S. A. 44-505 dispose of this controversy and therefore renders unnecessary the determination of the question of whether the endeavor was an agricultural pursuit and exempt from the provisions of the act.

The provisions of the Workmen's Compensation Act (K. S. A. 44-505) expressly state that the act shall apply only to the employment in the hazardous trades or businesses designated in the statute. (*Campos v. Garden City Co.*, 166 Kan. 352, 201 P. 2d 1017.) The first paragraph of the above section states:

"*This act shall apply only to employment in the course of the employer's trade or business in the following hazardous employments:* Railway, motor transportation line, factory, mine or quarry, electric, building or engineering work, laundry, natural-gas plant, county and municipal work, and all employments wherein a process requiring the use of any dangerous explosive or inflammable materials is carried on, each of which employments is hereby determined to be especially dangerous, in which from the nature, conditions or means of prosecution of the work therein, extraordinary risk to the life and limb of the workmen engaged therein is inherent, necessary, or substantially unavoidable, and as to each of which employments it is deemed necessary to establish a new system of compensation for injuries to workmen." (Emphasis supplied.)

The lower court properly concluded that the claimant's employment was not one of those trades or businesses expressly designated in the act.

The third paragraph of K. S. A. 44-505 states how an employer not expressly designated by the act may elect to come under its provisions. The fact that the respondent had not elected to come under the act is not disputed.

In *Schmeling v. F. W. Woolworth Co.,* 137 Kan. 573, 21 P. 2d 337, it is stated:

". . . We think all of both classes, hazardous and nonhazardous, are 'entitled to come within,' but they are not all privileged. All the first group are presumptively in or brought in by direct legislation, whether they wanted to be in or not. The nonhazardous are 'privileged to elect' and are excepted from the general provision of the section, or the exception clause would be useless and serve no purpose. We must assume the legislature intended to except some parties by the insertion of this exception clause, and since the nonhazardous class is the only class that is privileged, the use of the term 'employers privileged to elect' meant all employers in the nonhazardous class just as much as if it had used the term, nonhazardous class." (p. 577.)

The finding and conclusion that the employment was not included in the hazardous businesses specifically mentioned in the statute coupled with the finding that the respondent had not elected to come within the provisions of the Workmen's Compensation Act disposes of the controversy regardless of whether the respondent was or was not engaged in an agricultural pursuit and exempt from the act.

Such finding and conclusion not having been appealed from, and not having been mentioned in the statement of points, are conclusive. (*Schreppel v. Campbell Sixty-six Express, Inc.,* 201 Kan. 448, 441 P. 2d 881.)

The decision reached renders unnecessary the determination of the question of whether the respondent was engaged in an agricultural pursuit. This court does not determine abstract or academic questions. (*Ellis v. Kroger Grocery Co.,* 159 Kan. 226, 152 P. 2d 869; *In re Estate of Lytle,* 184 Kan. 304, 336 P. 2d 803.)

The judgment is affirmed.

APPROVED BY THE COURT.