(962 P.2d 1114)
No. 77,399

COLLEEN PARKER, *Appellant,* v.
MID-CENTURY INSURANCE CO., *Appellee.*

___

Opinion filed July 24, 1998.

*Brian D. Pistotnik,* of Affiliated Attorneys of Pistotnik Law Offices, P.A., of Wichita, for the appellant.

*Kenneth P. Leyba,* of Curfman, Harris, Rose & Smith, L.L.P., of Wichita, for the appellee.

Before LEWIS, P.J., PIERRON, J., and JACK L. BURR, District Judge, assigned.

PIERRON, J.: This case was submitted to the trial court on stipulated facts. John Hurt, the son of Colleen Parker, was in the Sedgwick County Youth After Care Project for violations of the Kansas Juvenile Offenders Code. He and four of his friends had been drinking alcohol, and without permission they left the facility. The group then stole a car. Hurt was not the driver. They were eventually detected by the police and a high-speed chase ensued. Hurt was killed after the driver lost control of the car and struck a utility pole. Due to the injuries sustained by Hurt, there were medical expenses in the amount of $1,896.05, followed by funeral expenses in amount of $1,881.29.

Parker had car insurance with Mid-Century Insurance Company (Mid-Century), and she is named as the insured under the contract.

Parker is Hurt's sole heir-at-law. Parker sued Mid-Century under the insurance contract on her car, which was not involved in the accident. She sought damages for the death of her son in the amount of $25,000 through the uninsured motorist coverage and personal injury protection benefits for the medical and funeral expenses.

Both parties filed motions for summary judgment based on the stipulated facts. The trial court granted summary judgment in favor of Mid-Century. Parker appeals.

The often-stated rules regarding summary judgment and appellate review of summary judgment are:

"The burden on the party seeking summary judgment is a strict one. The trial court is required to resolve all facts and inferences which may reasonably be drawn from the evidence in favor of the party against whom the ruling is sought. Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. When opposing a motion for summary judgment, an adverse party must come forward with evidence to establish a dispute as to a material fact. In order to preclude summary judgment, the facts subject to the dispute must be material to the conclusive issues in the case. On appeal we apply the same rule, and where we find reasonable minds could differ as to the conclusions drawn from the evidence, summary judgment must be denied. [Citations omitted.]" *Mitzner v. State Dept. of SRS*, 257 Kan. 258, 260-61, 891 P.2d 435 (1995).

Under the uninsured motorist provisions of the insurance policy, Mid-Century insured Parker as follows: "We will pay all sums which an insured person is legally entitled to recover as damages from the . . . operator of an uninsured motor vehicle because of bodily injury sustained by the insured person."

The personal injury protection benefits section of Parker's insurance contract provides that Mid-Century will pay benefits for medical and funeral expenses "incurred with respect to bodily injury sustained by an eligible injured person caused by an accident arising out of the ownership, operation, maintenance or use of a motor vehicle." "Eligible injured person" is defined as "the named insured or any relative who sustains bodily injury while occupying,

or through direct physical contact with while not occupying, any motor vehicle."

In determining whether Parker is entitled to recover damages, there are two issues that are already resolved. The parties stipulated that Parker is the named insured person under the insurance contract at issue and that her damages resulted "from the operator of an uninsured motor vehicle" because the vehicle was stolen at the time of injury.

The first issue which we must resolve is whether Parker has compensable damages. Although not herself involved in the accident, Parker argues she suffered damages compensable under the Kansas Wrongful Death Act, K.S.A. 60-1901 *et seq.* She claims when a person loses a relative and he or she is a legal heir, that person is specifically allowed to recover damages including, but not limited to, those listed in K.S.A. 60-1904. Parker states that all her damages are personal to her pursuant to the wrongful death statutes and are separate from any potential claim of her deceased son's estate. She claims damages for mental anguish, suffering, bereavement, loss of society, companionship, comfort, or protection, loss of filial care or attention, and reasonable funeral expenses.

The loss of a loved one is clearly devastating, but that does not automatically make the loss compensable. It is undisputed that Hurt would not have been able to assert a claim for damages under Parker's policy had he survived the accident. K.S.A. 60-1901 explains the general purpose of wrongful death actions in Kansas:

"If the death of a person is caused by the wrongful act or omission of another, *an action may be maintained for the damages resulting therefrom if the former might have maintained the action had he or she lived*, in accordance with the provisions of this article, against the wrongdoer, or his or her personal representative if he or she is deceased." (Emphasis added.)

The illegality defense is based on the principle that a party who consents to and participates in an illegal act may not recover from other participants for the consequences of that act. The defense will be applied to bar recovery if the evidence shows that the plaintiff freely and voluntarily consented to participate in the illegal act, without duress or coercion. K.S.A. 60-208(c); see *Lee v. Nation-*

*wide Mutual Insurance Co.*, 255 Va. 279, 282, 497 S.E.2d 328 (1998).

The uninsured motorist provisions of Parker's policy specifically exclude Hurt since "no person shall be considered an insured person if the person uses a vehicle without having sufficient reason to believe that the use is with permission of the owner." He would similarly be excluded from receiving personal injury protection benefits since the contract specifically stated that coverage did not apply to bodily injury sustained by any person if such person is an intentional converter of a motor vehicle at the time such bodily injury is sustained. See *Farmers Ins. Co. v. Schiller*, 226 Kan. 155, 162, 597 P.2d 238 (1979) (theft of a car is not within the coverage mandated by the uninsured motorist statutes).

The second hurdle for Parker to cross in order to recover uninsured motorist benefits or personal injury protection benefits is that she must have damages due to "bodily injury" of the insured. Her insurance policy defines "bodily injury" as "bodily injury to or sickness, disease or death of any person." Parker argues her son's death clearly was the "death of any person" and therefore constituted bodily injury under the policy.

Parker's "bodily injury" analysis is flawed. Parker claims damages under the Kansas Wrongful Death Act. Consequently, as seen previously, her ability to recover is controlled by the ability of the deceased to recover had he survived. Parker does not challenge the trial court's conclusion of law that Hurt would have been unable to recover damages, and therefore the ruling is deemed conclusive on appeal. See *Greenwood v. Blackjack Cattle Co.*, 204 Kan. 625, 628, 464 P.2d 281 (1970).

Mid-Century relies on several principles of contract interpretation, including the rule that terms are given their plain, general, and common meaning, *Wood River Pipeline Co. v. Willbros Energy Services Co.*, 241 Kan. 580, Syl. ¶ 3, 738 P.2d 866 (1987), and that reasonable rather than unreasonable contract interpretations are favored. *Weiner v. Wilshire Oil Co.*, 192 Kan. 490, Syl. ¶ 3, 389 P.2d 803 (1964). Applying these principles, the trial court correctly found it to be an unreasonable interpretation to permit Par-

ker to recover damages when Hurt would have been unable to recover damages had he survived.

In an attempt to determine intent from the four corners of the insurance contract, Mid-Century states the trial court's ruling is also in line with the definition of "eligible injured person" as stated in the personal injury protection section of the contract. Parker cannot satisfy the definition of eligible injured person since she did not sustain bodily injury "while occupying, or through direct physical contact with while not occupying, any motor vehicle." The implication from this definition is that recovery is allowed only when it is the injured person who is involved in the accident.

We note that allowing Parker to recover damages would be contrary to the objectives of uninsured motorist coverage. The purpose of legislation mandating the offer of uninsured and underinsured motorist coverage is to fill the gap inherent in motor vehicle financial responsibility and compulsory insurance legislation. This coverage is intended to provide recompense to innocent persons damaged through the wrongful conduct of motorists who, because they are uninsured or underinsured and not financially responsible, cannot be made to respond in damages.

In our case, the purpose of the illegality provision would be defeated if an heir of one of the parties involved in the car theft would be allowed to collect from the insurer through a wrongful death action for the illegal acts of a co-malefactor. See *Auto-Owners Ins. Co. v. DeJohn*, 640 So. 2d 158 (Fla. Dist. App. 1994).

The interpretation and legal effect of written documents are matters of law upon which our standard of review is unlimited. *Kansas Gas & Electric Co. v. Will Investments, Inc.*, 261 Kan. 125, Syl. ¶ 1, 928 P.2d 73 (1996). Where the terms of a written instrument are involved, we have the same duty as the trial court to determine its validity. 261 Kan. at 130. Parker's damages are not compensable under the Kansas wrongful death statutes. Her manipulation of the term bodily injury is unpersuasive and unreasonable. The trial court's granting of summary judgment in favor of Mid-Century also comports with the principles of uninsured motorist benefits.

The trial court was correct in granting summary judgment to Mid-Century.

Affirmed.