NOT DESIGNATED FOR PUBLICATION

No. 119,811

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

RJA DOZER SERVICE LLC,
*Appellant*,

v.

BOARD OF COUNTY COMMISSIONERS of FORD COUNTY, KANSAS,
comprised of SHAWN TASSET, CHRIS BOYS, and KEN SNOOK;
and DEBBIE COX, FORD COUNTY CLERK,
*Appellees*.

MEMORANDUM OPINION

Appeal from Ford District Court; E. LEIGH HOOD, judge. Opinion filed May 10, 2019. Affirmed.

*Neil C. Gosch*, of Triplett Woolf Garretson LLC, of Wichita, for appellant.

*Allen G. Glendenning*, of Watkins Calcara, Chtd., of Great Bend, for appellees.

Before HILL, P.J., BRUNS, J., and BURGESS, S.J.

PER CURIAM: RJA Dozer Service LLC (RJA) appeals from the district court's dismissal of an action for permanent injunction, declaratory judgment, and mandamus to prevent the Board of County Commissioners of Ford County (Ford County) from "skipping over" it as the low bidder on a landfill construction project. Although the district court initially entered an ex parte temporary restraining order against Ford County, it subsequently dissolved the temporary order and dismissed the case with prejudice. The district court also denied RJA's motions to suspend the judgment and to stay the proceedings pending appeal.

1

On appeal, RJA contends the reasons given by Ford County to award the bid on the landfill project to another contractor "are arbitrary and capricious, illegal, oppressive, and constitute an abuse of power or authority." In particular, RJA argues that the district court erred by dismissing this action because Ford County failed to follow its own resolution with respect to evaluating and awarding construction bids. RJA also argues that Ford County failed to comply with the provisions of K.S.A. 2018 Supp. 19-214. In response, Ford County argues that the appeal is moot, that the bid notice does not allow RJA to seek "recourse of any kind," that K.S.A. 2018 Supp. 19-214 is not applicable to landfill projects, and that its "purchasing policy does not restrict the right to award the contract to the most qualified bidder." Because we find the issues presented to be moot, we affirm the district court's dismissal of this action.

FACTS

The Board of County Commissioners of Ford County invited bids for a landfill project. The invitation—requiring all bids be submitted to the Ford County Clerk by 2 p.m. on April 2, 2018—contained the following provision:

> "6. Owner reserves the right to reject any or all Bids or portions of any or all bids and to waive informalities therein to determine the best Bid. The Bidder agrees that such rejection shall be without liability or expense on the part of the Owner for any claim brought by Bidder because of such rejection; nor shall the Bidder seek any recourse of any kind against Owner because of such rejection. The filing of the Bid in response to this invitation shall constitute an agreement of the Bidder to the terms and conditions of the Bid and Contract Documents. The Bidder may not withdraw its Bid for a period of ninety (90) calendar days following the Bid Date. Bids may be held by Ford County for up to sixty (60) days from the date of the opening of bids for the purpose of reviewing the bids and investigating the qualifications of bidders prior to awarding of the contract."

It is undisputed that RJA submitted a timely bid for the project in response to the solicitation. Likewise, it is undisputed that Ford County received three other bids and that

2

RJA's was the lowest. Moreover, Ford County retained Terracon Consultants, Inc. (Terracon) as a consultant to assist it in evaluating the bids. In its report, dated April 11, 2018, Terracon rendered the opinion that RJA's bid did "not appear to meet the project experience requirements."

On April 16, 2018, County Commissioners of Ford County held a public hearing on the landfill project. At the hearing, comments were presented by Brian Herbert, the Ford County landfill manager, and Anthony Mellini Jr., a geologist from Terracon, as well as from "others who attended the meeting." Unfortunately, we do not know who else was present because this information is not included in the record on appeal. At the conclusion of the hearing, the Ford County Commissioners voted to award the contract to Sporer Land Development, which had submitted the second highest level of experience according to Terracon.

Four days later, RJA filed a protest in which it challenged the decision to award the contract for the landfill project to another contractor. In responding to the protest, Ford County outlined the Purchasing Policy, codified in Resolution 2008-14, that it follows in evaluating and awarding bids. The policy was adopted "to ensure the public funds are expended in a fair and equitable manner." On its face, the Purchasing Policy applies to "[a]ll Ford County employees, department heads, and elected officials" and is to be followed "unless the Board of County Commissioners has approved alternate procedures recommended by a department head in order to facilitate special purchasing needs."

The policy includes a section entitled "GUIDELINES FOR DETERMINING BEST BID/QUOTE." It provides:

> "The Purchasing Policy provides that price quotes or formal bids are to be obtained in the course of completing purchases and procurements. While price is a prime consideration,

there are other issues which may be considered in selecting the lowest responsible bid or quotation of price. In the review of price quotations and/or sealed bids, the following criteria may be used to assist in identifying the best options.

"1. Price
"2. Quality of product
"3. Integrity and reliability of vendor or contractor
"4. Past experience with vendor or contractor
"5. Business location of vendor or contractor
"6. Time and delivery or completion of specified services of work

"These criteria may be used to justify approval of a purchase or procurement from other than the vendor or contractor submitting the lowest price quotation or bid. When such an approval occurs, there must be clear and documented justification to do so, based upon the criteria listed above."

On June 29, 2018, RJA filed a petition in district court seeking a temporary and permanent injunction, declaratory judgment, and mandamus relief. In addition, RJA filed a motion requesting an ex parte temporary restraining order. The district court granted the ex parte temporary restraining order on that same day in which it ordered Ford County to restrain from "taking any action including having any public meetings regarding a contract with Sporer Land Development" until the court held a hearing on RJA's application for a temporary injunction.

On July 11, 2018, Ford County filed a motion to dissolve the ex parte temporary restraining order and a motion to dismiss the case for failure to state a claim upon which relief may be granted. In its motion, Ford County argued that the invitation to bid contained an express provision reserving its "right to reject any or all Bids or portions of any or all bids and to waive informalities therein to determine the best bid." Ford County also argued that there was no statutory restriction on its right to award the bid as it did in

4

this case and that its internal "Purchasing Policy" is not a statutory restriction, and it had the right to deviate from or alter the policy at any time.

A hearing was held on July 17, 2018. At the conclusion of the hearing, the district court dissolved the ex parte temporary restraining order and dismissed the case. Specifically, the district court ruled from the bench:

- K.S.A. 19-214 does not apply to a landfill project, so there is no statutory restriction on the County's right to reject the bid.
- The invitation to bid expressly stated that bidders could not seek any recourse against the County because of the rejection of a bid.
- Although Resolution 2008-14 may apply, the plain language of the invitation to bid prohibited RJA from seeking recourse from the County.

Two days later, RJA filed a notice of appeal and a motion to suspend the district court's judgment. On July 30, 2018, the district court heard arguments on the motion to suspend judgment as well as on an oral motion to stay the proceedings. At the hearing, Ford County asserted that the claims asserted were moot because it had already entered into a contract with Sporer Land Development following the dismissal of the case. RJA asserted that because construction on the project had not begun, the district court could still enter a temporary injunction preventing work on the project from commencing. At the conclusion of the hearing, the district court denied RJA's request for a temporary injunction and its request to suspend judgment.

The district court filed two journal entries on July 31, 2018. The first journal entry memorialized the district court's findings and conclusions from the hearing held on July 19, 2018. The second journal entry memorialized the district court's findings and conclusions at the hearing held on July 30, 2018. One of the findings made by the district court was that Ford County had entered into a contract with Sporer Land Development.

5

Thus, the district court concluded that "[t]he request for an order restraining or enjoining the Defendants from entering the contract is now moot."

ANALYSIS

The district court dismissed RJA's petition after Ford County filed a motion to dismiss for failure to state a claim under K.S.A. 2018 Supp. 60-212(b)(6). Both parties agree that the questions raised in this appeal are issues of law and this court's review is unlimited. See *Zimmerman v. Board of Wabaunsee County Comm'rs*, 289 Kan. 926, 973, 218 P.3d 400 (2009). In reviewing a dismissal by the district court for failure to state a claim upon which relief may be granted, we are to view the pleadings in a light most favorable to the plaintiff. In doing so, we assume that the facts asserted—as well as any inferences reasonably drawn from them—are true. *Cohen v. Battaglia*, 296 Kan. 542, 545-46, 293 P.3d 752 (2013).

At the outset, we must determine whether this appeal is moot. An issue is moot if there is no longer a justiciable controversy between the parties. See *State v. Bennett*, 288 Kan. 86, 89, 200 P.3d 455 (2009). To be a "justiciable controversy" there must be a definite and concrete dispute between the parties and adverse legal interests that are immediate, real, and for which a court can provide conclusive relief. See *State v. Montgomery*, 295 Kan. 837, 840, 286 P.3d 866 (2012). Courts generally refrain from deciding moot issues because any ruling effectively amounts to an impermissible advisory opinion. See *State ex rel. Morrison v. Sebelius*, 285 Kan. 875, Syl. ¶¶ 15, 16, 179 P.3d 366 (2008).

Here, RJA's petition requests relief in the form of a permanent injunction, a declaratory judgment, or writ of mandamus. There is no claim for monetary relief asserted in the petition and there is no legal theory asserted under which RJA could recover damages. Likewise, there has been no request made by RJA to amend the

pleadings to add new theories or to request monetary relief in this case. Furthermore, it is undisputed that after the district court dissolved the ex parte temporary restraining order and dismissed this case pursuant to K.S.A. 2018 Supp. 60-212(b)(6), Ford County entered into a contract with Sporer Land Development to complete the landfill project.

It is important to recognize that the district court specifically found in its Order entered on July 31, 2018, that "[t]he request for an order restraining or enjoining [Ford County] from entering the contract is now moot." RJA has not challenged this conclusion nor has it briefed the issue of mootness on appeal. Moreover, RJA has not filed a reply brief even though Ford County addressed the issue of mootness in its appellate brief. RJA's failure to brief the district court's finding of mootness is significant because findings and conclusions made by a district court that an appellant fails to address on appeal are deemed to be conclusive. See *Greenwood v. Blackjack Cattle Co.*, 204 Kan. 625, 628, 464 P.2d 281 (1970).

At oral argument, counsel for RJA suggested that his client would likely have a separate and distinct claim for monetary damages under *Ritchie Paving, Inc. v. City of Deerfield*, 275 Kan. 631, 67 P.3d 843 (2003). In *Ritchie*, the Kansas Supreme Court recognized that where a governmental entity has no reasonable justification for rejecting a low bid, the unsuccessful bidder could attempt to recover bid preparation costs under a promissory estoppel theory. Any such claim "is limited to costs incurred as a direct result of preparing and submitting a bid pursuant to [the] bidding documents." 275 Kan. at 642.

We take no position on RJA's suggestion that it may still assert a claim against Ford County under *Ritchie Paving*, but it is undisputed that no such claim has been asserted in this case. As indicated above, we also know that RJA has not challenged the district court's finding and conclusion regarding mootness nor has it addressed the issue of mootness in this appeal. Of course, we recognize a limited exception to the mootness rule if an appeal presents an issue of broad public importance or involves a systemic

problem that will likely recur regularly in the absence of a corrective judicial decision. See *State v. DuMars*, 37 Kan. App. 2d 600, 605, 154 P.3d 1120 (2007). Nevertheless, RJA has not asserted that this exception is applicable in this case.

We therefore conclude that the district court appropriately found that the issues asserted in this case are moot and we decline RJA's invitation to issue an advisory opinion.

Affirmed.