NOT DESIGNATED FOR PUBLICATION

No. 120,105

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee,*

v.

KARLIN FLORENCE,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; BRUCE C. BROWN, judge. Opinion filed February 21, 2020. Affirmed.

*Randall L. Hodgkinson*, of Kansas Appellate Defender Office, for appellant.

*Matt J. Maloney*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before MALONE, P.J., ATCHESON and SCHROEDER, JJ.

PER CURIAM: Karlin J. Florence appeals his conviction of aggravated battery following a bench trial on stipulated facts. Florence claims the stipulated facts contained inadmissible hearsay and there was insufficient evidence to support his conviction. For the reasons stated in this opinion, we affirm the district court's judgment.

FACTUAL AND PROCEDURAL BACKGROUND

On March 13, 2017, Wichita Police Officer Phillip Berger responded to a domestic violence report at Via Christi St. Joseph Hospital. When Berger arrived, he noticed that

1

Cassie Davis' eye was swollen shut and that she had visible bruising on her face. Cassie told Berger that her "baby daddy," Florence, beat her up. Cassie's mother, Susan Dean, told Berger that she called Florence and asked him why he hit Cassie and Florence responded: "'I'm a grown ass man and that she deserved it for coming in at 5:00am with her momma.'"

Dana Loganbill, a SANE nurse, examined Cassie. Cassie told Loganbill:

"'It happened about 8pm. It started inside his house and then went outside. My kid's dad jumped on me and started beating me. After my nephew['s] birthday party some of us adults went to the casino and he got mad[] because I got home late. I thought he dropped it but then he brought it back up again. He was throwing fists at me. I was trying to run away and he threw me on the ground and was stomping me. Some guy heard me screaming and he came and got him off me.'"

Cassie told Loganbill that Florence is her "kid's dad." Cassie also stated that Florence put his arms around her neck. Loganbill took photographs and notes to document Cassie's injuries. The State admitted Loganbill's photographs of Cassie and her notes as evidence at the bench trial.

On March 14, 2017, Wichita Police Detective Timothy Reynolds conducted recorded interviews of Cassie and Cassie's sister, Candice Davis, at the hospital. Cassie told Reynolds that on March 12, 2017, she had been at a party for her nephew and then she left the children with Florence while she went to the casino. Cassie picked the children up from Florence's house at 6 a.m. on March 13, 2017. She returned to Florence's house that evening around 6 p.m. and said she could tell Florence had been drinking. Florence said: "'How you gonna be gone all night at the casino. I can't do that if I wanted to.'" Cassie tried to leave and Florence told her she "'ain't going nowhere.'" Florence then punched her in the right eye and repeatedly punched her in the face. When she went outside, Florence followed her and pushed her off the porch. Florence continued

2

to punch and stomp on her until a man came around the corner. Reynolds noticed Cassie's eye was swollen shut, and she had a laceration and bruising all over her body.

Candice told Reynolds that she was at work when she received a call from Cassie asking for help. Cassie told Candice she was driving but that she could not see where she was going. Candice told Cassie to pull over and Candice and Jameka Davis, Cassie's other sister, picked Cassie up and took her to Dean's house. Jameka then took Cassie to the hospital. Candice told law enforcement that Cassie said Florence kicked her, stomped on her, threatened to kill her, and said "his woman can't be out until 6:00am."

On March 17, 2017, the State charged Florence with aggravated battery, a severity level 4 person felony. The district court appointed an attorney to represent Florence, and he waived his preliminary hearing on April 20, 2017. On January 17, 2018, Florence filed a motion to dismiss based on self-defense immunity. In response, the State filed a motion seeking to foreclose Florence from raising a claim of self-defense immunity, arguing that Florence's motion was untimely because the preliminary hearing had already occurred.

The district court held a hearing on February 16, 2018, on Florence's motion for immunity and the State's motion to foreclose immunity. The State called Loganbill, Berger, Reynolds, and Candice to testify. Cassie was not present at the hearing, and the district court found that the State failed to show she was unavailable as a witness. Florence objected to some of Loganbill's and Berger's testimony about what Cassie told them, but the district court overruled his objections, finding that the statements fell under the hearsay exceptions for medical treatment or statements made while under the stress of nervous excitement. After hearing all the evidence, the district court granted the State's motion, finding that Florence's motion was untimely and it denied Florence's motion, finding no basis to support his claim for immunity.

3

On March 21, 2018, a year after the incident, Cassie made a statement to defense counsel's investigator. Cassie told the defense investigator that she began texting Florence at 5:39 p.m. saying she would "'B OVA THERE IN A MIN,'" and Florence told her five or six times not to come over. Cassie used her key to unlock the door and Florence again told her to leave. Cassie said she refused to leave and Florence pushed her outside, but she came back in. Cassie then saw another woman in the house and began to yell at Florence. She said she grabbed a knife and pointed it at Florence. The two fell to the floor and Florence punched her in the eye. Cassie said Florence then repeatedly punched her in the face. Cassie told the investigator that she was recanting her previous statements about being punched and kicked multiple times.

On April 16, 2018, the district court held a bench trial on written stipulated facts. At the bench trial, the State amended the aggravated battery charge down from a severity level 4 person felony to a severity level 7 person felony. Much of the evidence in the stipulated facts consisted of Cassie's statements to Berger, Loganbill, and Reynolds at the hospital, and Cassie's statement to defense counsel's investigator a year after the incident. Florence argued that Cassie's statement to defense counsel's investigator that Cassie grabbed a knife and pointed it at Florence established that he acted in self-defense. After reviewing the stipulated facts, the district court found Florence guilty of aggravated battery. On May 31, 2018, the district court sentenced Florence to 13 months' imprisonment and granted probation for 24 months. Florence now appeals.

DID THE DISTRICT COURT ERR BY CONSIDERING INADMISSIBLE HEARSAY STATEMENTS?

Florence argues that the district court erred by considering inadmissible hearsay from the "SANE nurse" and the "responding officer." But upon review of his brief, it is unclear whether Florence is challenging the statements as used at the hearing on his motion for self-defense immunity or as used in the factual stipulation. Florence generally cites the abuse of discretion standard for determining whether hearsay evidence was

4

erroneously admitted; he does not cite the standard for challenging the ruling on a motion for self-defense immunity or discuss the effects of a factual stipulation. The State argues that Florence's hearsay challenges are not properly before this court. Alternatively, the State asserts that the statements at issue fell within hearsay exceptions.

Florence spends his entire brief on this issue arguing how (1) Loganbill's testimony at the immunity hearing about Cassie's statements did not fit the hearsay exception for statements of physical or mental condition and (2) the "responding officer's" testimony at the immunity hearing about Cassie's statements did not fit the hearsay exception for statements made while under the stress of nervous excitement. The only indication of the relief Florence seeks is one sentence which states: "This [c]ourt should reverse and hold [Cassie's] statements, introduced through [Loganbill] and the officer were inadmissible and should not have been considered during the immunity hearing or at trial." Because it appears that Florence is challenging the alleged hearsay statements at both the immunity hearing and the bench trial, we will address both issues.

*If Florence is arguing the hearsay statements should not have been admitted at the hearing on his motion for self-defense immunity, his argument fails because he does not challenge the other ground for denial cited by the district court.*

Florence filed his motion for self-defense immunity. In response, the State filed a motion asking the district court to deny Florence's immunity claim as untimely. At the hearing, the district court granted the State's motion, finding that Florence's motion was untimely. The district court then stated that even if it considered the motion to be timely, Florence was not entitled to claim self-defense immunity.

Florence argues that the district court erred by admitting the challenged statements because they "undermined his immunity claim." But Florence has no right to relief because he fails to challenge the district court's alternative and independent ground for

5

denying his immunity claim: that his motion was untimely. In *State v. Hardy*, 305 Kan. 1001, Syl. ¶ 3, 390 P.3d 30 (2017), our Supreme Court held:

> "The timing of such a [self-defense immunity] hearing—including whether it should occur before, after, or contemporaneous with the preliminary hearing—is left to the sound discretion of the district court. When exercising such discretion, district courts must remain sensitive to the fact that the matter being resolved is a question of immunity that ought to be settled as early in the process as possible to fully vindicate the statutory guarantee."

Florence did not file his motion to dismiss based on self-defense immunity until nine months after he waived his preliminary hearing. Based on this fact alone, the district court found that the motion was not timely filed. Because Florence fails to address on appeal the district court's alternative ground for denying his motion, this court can decline to address his challenge. See *State v. Novotny*, 297 Kan. 1174, 1179-80, 307 P.3d 1278 (2013) (declining to address an appellant's challenge to one basis of district court's ruling when appellant failed to challenge the district court's alternative ruling which would still stand); *Greenwood v. Blackjack Cattle Co.*, 204 Kan. 625, 627, 464 P.2d 281 (1970) (when trial court's decision is based on alternative grounds, appellant's failure to challenge both grounds renders a decision unnecessary on the issue raised).

And in any event, any error in the admission of evidence at the hearing on Florence's self-defense immunity motion would be harmless considering the district court's later verdict at the bench trial that Florence was guilty as charged beyond a reasonable doubt. Under K.S.A. 2019 Supp. 60-261, the statutory harmless error standard, an error in admitting evidence is disregarded if it does not affect the substantial rights of the parties. Thus, an appellate court must determine whether there is a reasonable probability that the error affected the *outcome of the trial* in light of the entire record. *State v. Lowery*, 308 Kan. 1183, 1235, 427 P.3d 865 (2018). In *State v. Ultreras*, 296 Kan. 828, 845-46, 295 P.3d 1020 (2013), our Supreme Court determined that "even

6

if the district court erred in all aspects of the immunity ruling," any error would be harmless when it did not limit the defendant's ability to present his claim of self-defense at trial and the jury rejected the self-defense argument beyond a reasonable doubt. See also *State v. Salem*, No. 118,351, 2019 WL 2237382, at *3 (Kan. App. 2019) (unpublished opinion) (applying the *Ultreras* harmless error standard to defendant's claim that district court erred in denying motion for immunity).

In accordance with *Ultreras*, any error here was harmless. Florence's self-defense theory was still fully presented in the stipulated facts and his counsel argued his position at the bench trial. Any error in considering inadmissible evidence at the hearing on his motion for self-defense immunity was harmless in light of the trial court's determination that Florence was guilty of aggravated battery beyond a reasonable doubt at trial.

*If Florence is arguing the hearsay statements should not have been admitted in the factual stipulation, his argument fails because a party may not stipulate to evidence at trial and then complain on appeal that the evidence should not have been admitted.*

In his brief, Florence points out that the challenged statements appear in the factual stipulation. But Florence's argument on this point fails because a party may not stipulate to evidence at trial and then complain on appeal that the evidence should not have been admitted. And even if Florence can challenge some of the stipulated evidence at the bench trial based on hearsay, any error in admitting the statements was harmless given the remainder of the factual stipulation.

Under K.S.A. 60-404, the party complaining of erroneously admitted evidence must timely object. Florence did not object to the statements in the stipulation when it was filed or when it was presented to the district court at the bench trial. But Florence argues that he did not need to object to the stipulation at the bench trial because in *State v. Kelly*, 295 Kan. 587, 590-91, 285 P.3d 1026 (2012), our Supreme Court held that when a case proceeds to a bench trial on stipulated facts, the lack of a contemporaneous

objection does not bar appellate review of the district court's ruling at a pretrial motion to suppress. Florence argues that under *Kelly*, he preserved this issue by contemporaneously objecting to the statements at the hearing on his motion for self-defense immunity.

But *Kelly* is not on point here because the issue is not whether Florence has properly preserved his objection to the admission of evidence that was the subject of a pretrial motion to suppress. In contrast here, the district court did not make a pretrial ruling on the admissibility of Cassie's statements *at trial*. In fact, in addressing the State's argument that Cassie should be considered unavailable to allow her statements to be admitted under a hearsay exception, the district court explicitly stated that it was only deciding Cassie's availability for presenting evidence on Florence's motion to dismiss based on immunity. The district court stated that it could not at that time determine whether Cassie would be available at the time of trial.

Florence stipulated without reservation to all the evidence in the seven-page written stipulation of facts for the bench trial. Florence and his attorney signed the written stipulated facts, and Florence acknowledged to the district court that he realized he was waiving his right to a jury trial and his right to confront the witnesses. Much of the evidence in the stipulated facts consisted of Cassie's statements to Berger, Loganbill, and Reynolds at the hospital, and Cassie's statement to defense counsel's investigator a year after the incident. Florence's only argument at the bench trial was that based on the stipulated evidence that Cassie told defense counsel's investigator that she grabbed a knife and pointed it at Florence, the district court should find him not guilty because he acted in self-defense. Now on appeal, Florence argues that Cassie's statements to Berger and Loganbill at the hospital amounted to inadmissible hearsay. Florence does not argue that Cassie's statement to defense counsel's investigator was hearsay.

The problem with Florence's argument on appeal is that a party may not stipulate to evidence at trial and then complain on appeal that the evidence should not have been

8

admitted. When parties stipulate to evidence in a criminal case, the stipulations are binding, and the parties are precluded from contesting the factual evidence included therein. *State v. Bogguess*, 293 Kan. 743, 745, 268 P.3d 481 (2012); *State v. Downey*, 27 Kan. App. 2d 350, 359, 2 P.3d 191 (2000). By stipulating to the facts, Florence agreed that Cassie told Berger and Loganbill at the hospital that Florence attacked her without provocation. He cannot argue on appeal that the statements were inadmissible hearsay.

And not to belabor the point, but even if the statements were improperly admitted in the factual stipulation, the error was harmless. See *Lowery*, 308 Kan. at 1235 (finding that any error is harmless unless there is a reasonable probability that the error affected the outcome of the trial in light of the entire record). Even excluding Cassie's statements to Berger and Loganbill, the remainder of the stipulation presents the same evidence Florence seeks to exclude:  Florence attacked Cassie because she was out late at the casino. Candice reported that Cassie told her Florence was the one who kicked and stomped on her and that he threatened to kill her because "his woman can't be out until 6:00am." Dean and Jameka confirmed this same information. And Florence told Dean he hit Cassie because:  "'I'm a grown ass man and that she deserved it for coming in at 5:00am with her momma.'" Because the evidence Florence seeks to exclude is cumulative evidence, any error in its admission would be harmless. See *State v. Sean*, 306 Kan. 963, 986-87, 399 P.3d 168 (2017) (finding that any error in admitting inadmissible hearsay would be harmless since the challenged statements were cumulative evidence).

In sum, Florence is not entitled to relief on his hearsay argument. Florence has waived any challenge to the statements' use at the hearing on his motion for self-defense immunity by not challenging the district court's alternative ground for denying the motion and he is entitled to no relief on his challenge to the statements' use in the stipulation of facts. And in either case, admission of the evidence would have been harmless error.

Florence argues the district court erred in finding him guilty because the stipulated facts presented two competing scenarios, and one of those scenarios—that Cassie broke in and approached Florence with a knife—supports a finding that Florence acted in self-defense. Florence argues that because the stipulated facts did not "absolutely preclude[] the possibility of . . . self-defense," he cannot be guilty beyond a reasonable doubt.

The State argues that there is no requirement that the State "absolutely preclude the possibility" that he was acting in self-defense. The State argues that the court must examine the facts in the light most favorable to the State and when the facts are examined in that light, there was sufficient evidence to support his conviction even with Florence's self-defense theory.

The standard of review for a sufficiency of the evidence claim is "'whether, after reviewing all the evidence in a light most favorable to the prosecution, the appellate court is convinced a rational factfinder could have found the defendant guilty beyond a reasonable doubt.'" *State v. Chandler*, 307 Kan. 657, 668, 414 P.3d 713 (2018). When a case is decided on stipulated facts, the appellate court can conduct a de novo review, but in exercising de novo review, the appellate court must still view the facts in the light most favorable to the State. *State v. Darrow*, 304 Kan. 710, 715, 374 P.3d 673 (2016). Florence argues that in conducting a de novo review of the stipulated facts, the appellate court need not view the facts in the light most favorable to the State. But he also concedes that this court is duty bound to apply the standard of review dictated by our Supreme Court in *Darrow*. See *State v. Rodriquez*, 305 Kan. 1139, 1144, 390 P.3d 903 (2017) (finding that Court of Appeals is duty-bound to follow Kansas Supreme Court precedent absent some indication our Supreme Court is departing from its previous position).

Essentially, Florence asks this court to reweigh the evidence and find that he was acting in self-defense based on Cassie's statement to defense counsel's investigator a year after the incident. While this court can exercise de novo review because the trial proceeded on stipulated facts, it still must view the facts in the light most favorable to the State, not in the light most favorable to Florence's self-defense theory. Here, there is sufficient evidence that a rational fact-finder could have found Florence guilty beyond a reasonable doubt despite his self-defense claim. In fact, we would agree with the district court that the evidence was sufficient to find Florence guilty of aggravated battery even without viewing the facts in the light most favorable to the State.

Cassie only mentioned that she came at Florence with a knife and entered the house against his wishes a year after the incident. The rest of the stipulation establishes that (1) Cassie told Loganbill, Berger, Reynolds, and Candice, shortly after the incident, that Florence hit and stomped on her for being out late at the casino; (2) Cassie told Loganbill and Candice that Florence threatened to kill her; and (3) Florence told Dean that he hit Cassie because she was out late. Considering Cassie's multiple and consistent statements made shortly after the incident and Florence's statement to Dean as to why he hit Cassie, there is sufficient evidence that Florence was not acting in self-defense.

Aggravated battery is "knowingly causing bodily harm to another person with a deadly weapon, or in any manner whereby great bodily harm, disfigurement or death can be inflicted." K.S.A. 2019 Supp. 21-5413(b)(1)(B). Cassie ended up being treated for visible bruising on her face and body, her right eye being swollen shut, and a cut above her eye. Therefore, a rational fact-finder could find that Florence was not acting in self-defense and that he was guilty of aggravated battery beyond a reasonable doubt.

Affirmed.

11

* * *

ATCHESON, J., concurring: I concur in affirming Defendant Karlin Florence's conviction for aggravated battery and offer a few comments on my reasons for doing so.

First, as the majority points out, the Sedgwick County District Court's denial of Florence's motion for self-defense immunity cannot be appealed in light of his conviction in a trial in which he presented a self-defense theory. That's because rejection of the defense at trial is based on a review of the evidence more favorable to the defendant than the review required to deny an immunity motion. So any error in denying the motion must be considered harmless. Moreover, the immunity statute, K.S.A. 2019 Supp. 21-5231, provides a shield against arrest, charging, and prosecution and not against conviction and punishment. My position on the scope of statutory self-defense immunity has been set out in detail in *State v. Salem*, No. 118,351, 2019 WL 2237382, at *2-4 (Kan. App. 2019) (unpublished opinion), and *State v. Younger*, No. 116,441, 2018 WL 911414, at *20-21 (Kan. App. 2018) (unpublished opinion) (Atcheson, J., concurring).

For the reasons more fully explained in *Salem* and *Younger*, I agree that Florence can claim no relief based on the denial of his motion for self-defense immunity. Although those were jury verdicts that necessarily rejected the defendants' claims of self-defense, I don't see why a different rule would apply here to the district court's determination as the fact-finder. That is sufficient to dispose of Florence's claimed error on that issue, and I would go no further.

The stipulated facts submitted to the district court as the evidentiary basis for the bench trial were sufficient to support Florence's conviction. Florence misapplies *State v. Kelly*, 295 Kan. 587, 590-91, 285 P.3d 1026 (2012), to suggest that case somehow preserves his objections to evidence the State presented in the hearing on the motion for

12

self-defense immunity as objections to the comparable evidence contained in the stipulation presented at the bench trial.

In *Kelly*, the court recognized the rather common-sense notion that a defendant who has lost a motion to suppress evidence need not specifically object to the use of that evidence in a bench trial on stipulated facts to preserve the ruling on the motion as a point for appeal. In *Kelly*, the defendant moved to suppress drugs—what I will call the target evidence—on the grounds they were the product of an unconstitutional search and seizure. In the hearing, the parties presented evidence—what I will call operative evidence—as to the circumstances of the search and seizure. The district court denied the motion. Later, the parties presented stipulated facts in a bench trial that included both the target evidence and some of the operative evidence. The court held that in those circumstances a defendant did not have to make a contemporaneous objection to the admission of the target evidence in the bench trial to appeal the ruling on the motion to suppress. But the court did not suggest, let alone hold, that objections to operative evidence from the suppression hearing would magically carry over to the bench trial.

The general idea that objections to operative evidence in one hearing would simply continue into any later hearings or a trial makes little sense. It certainly wanders far from an "objection . . . timely interposed" contemplated in K.S.A. 60-404 and creates (without request) a continuing objection to evidence over the course of an entire case, not just in a single hearing or the trial. More to the point here, an objection to evidence contained in a stipulation is both bizarre and illogical. If a party to a stipulation objects to or disputes some of the facts or other propositions, then there is no stipulation as to them. See Black's Law Dictionary 1712 (11th ed. 2019) ("stipulation" defined as "[a] voluntary agreement between opposing parties concerning some relevant point"). In short, Florence can't have his stipulation and object to it, too.

13